ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
COURTNEY CHAMBERS, Bar No. 312011
cchambers@littler.com
ALVIN ARCEO, Bar No. 342387
aarceo@littler.com
MCKENZIE RUGO, Bar No. 347745
mrugo@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendants
Field Asset Services, Inc.; Field Asset Services, LLC;
Xome Field Services LLC; Cyprexx Services, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Joseph Martin, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>Field Asset Services, Inc.; Field Asset Services, LLC; Xome Field Services LLC; Cyprexx Services, LLC; and DOES 1-10,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446** |

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF JOSEPH MARTIN, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Field Asset Services, Inc.; Field Asset Services, LLC; Xome Field Services LLC; Cyprexx Services, LLC ("Defendants") remove to this Court the above-entitled state court action from the Superior Court of the State California for the County of Yuba. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

## I. STATUS OF PLEADINGS, PROCESS AND ORDERS

On April 17, 2023, Plaintiff JOSEPH MARTIN ("Plaintiff") filed a complaint in the Superior Court of the State of California, In and For the County of Yuba, which is captioned: *Joseph Martin v. Field Asset Services, Inc, et al.*, Case No. CVCV23-00378 ("Complaint" or "Compl."). The Complaint contains four causes of action: (1) Failure to Pay Overtime; (2) Failure to Reimburse Business Expenses; (3) Waiting Time Penalties; and (4) Violation of the UCL. (True and correct copies of the Summons and Complaint are attached to the supporting Declaration of Robert Hulteng ["Hulteng Decl.] as Exhibit 1).

Pursuant to 28 U.S.C. § 1446(a), the referenced and provided Exhibits constitute all process, pleadings, and orders served on Defendants, filed, or received by Defendants, or filed and downloaded from the Yuba County Superior Court website in this action. As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint.

## II. JURISDICTION AND VENUE

### A. Venue Is Proper In This District

Plaintiff filed this action in the Superior Court of California, in and for the County of Yuba. Therefore, pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), venue properly lies in the United States District Court for the Eastern District of California, Sacramento Division.

### B. This Removal Is Timely Made

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because Defendants filed it within thirty (30) days after the service of summons upon the Defendants, which was May 12, 2023. *See* Hulteng Decl., ¶ 3. This Notice of Removal is timely filed within thirty (30) days thereafter.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) (holding
2  removal period is triggered by completed service of process).

### C. The Parties

Plaintiff was one of many vendors who contracted with Defendant Field Asset Services ("FAS") during the Great Recession to preserve foreclosed homes until they could be sold. Plaintiff and other vendors were part of a class action lawsuit against FAS and the other Defendants alleging misclassification and other California Labor Code claims. Hulteng Decl., ¶ 4.

Following certification in the District Court, the Ninth Circuit decertified class in a published opinion on July 5, 2022. *See Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652, 658 (9th Cir. 2022), *as amended*, 60 F.4th 459 (9th Cir. 2023). Plaintiff was a member of the *Bowerman* class. In filing this individual action, Plaintiff now asserts the exact same claims the *Bowerman* action initially sought to certify.

### III. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. ¶ 1332(D)

#### A. This Court Has Original Jurisdiction Under The Class Action Fairness Act ("CAFA")

This action is properly removable under 28 U.S.C. § 1441(a), as this Court has original jurisdiction over the Plaintiff's individual claims under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2) & (d)(6); 28 U.S.C. § 1332(d)(5)(B). CAFA removal requires (a) a class size of at least 100 members, (b) at least one plaintiff and one defendant that are citizens of different states, and (c) an aggregate amount in controversy exceeding $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

Here, the *Bowerman* class action, the operative action in this case, was filed in the Northern District Court of California and met CAFA's jurisdictional requirements.[1] Hulteng Decl., ¶ 4.

---

[1] It is well-settled that once jurisdiction is properly invoked, it "is not lost by developments after a suit is filed, such as a change in the state of which a party is a citizen that destroys diversity." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). When the *Bowerman* class action was filed, the action met the minimum diversity standards (*i.e.*, at least one class member is of diverse citizenship from any defendant). Thus, it is immaterial that Plaintiff and Defendant are now non-diverse.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                        3

**B.  CAFA Jurisdiction Attached At The Time Of Filing Of The Bowerman Class Action, And It Survived Decertification Of The Class**

Simply put, this Court has original jurisdiction over Plaintiff's individual claims because it never lost jurisdiction. CAFA jurisdiction attaches at the time the complaint is filed and it survives subsequent events. *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010) (holding "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing"); *see also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013); *see also F5 Capital v. Pappas*, 856 F.3d 61, 76 (2nd Cir. April 26, 2017) ("As a general matter, the Supreme Court has 'consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.'") (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam)); *In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010) (per curiam) ("CAFA jurisdiction attaches when a case is filed as a class action . . . ." (emphasis in original)).

CAFA jurisdiction continues even when the class forming the basis for CAFA jurisdiction is not certified. *Calvillo v. Siouxland Urology Assocs. P.C.*, 2011 U.S. Dist. LEXIS 125128, *18, (D.S.D. Oct. 28, 2011) ("This action was originally filed in federal court with CAFA as its source of jurisdiction. Jurisdiction attached when plaintiffs filed the claim and included class action claims, and the court's denial of class certification is nothing more than a change in jurisdictional fact."); *Ellison v. Autozone Inc.*, 486 F. App'x 674, 675 (9th Cir. 2012) (holding that where "jurisdiction was proper at the time of removal, subsequent dismissal or transfer of class claims does not defeat the court's CAFA jurisdiction over remaining individual claims"); *see also Rodriguez v. Commerce Distribution Co. LLC*, No. 2:22-cv-03159-SPG-JEM, 2022 U.S. Dist. LEXIS 199028, at *7 (C.D. Cal. Oct. 31, 2022).

Here, Plaintiff was originally part of a class action lawsuit filed in the Northern District of California and which asserted California state law claims. The Bowerman class action properly invoked CAFA jurisdiction at the time it was filed. The Ninth Circuit's subsequent decision to decertify the Bowerman class did not divest the district court of its original jurisdiction over the Plaintiff's individual claims, which are the same claims that were asserted in the class action lawsuit.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    4

In fact, Plaintiff admits in his state-court complaint that jurisdiction returned to the district court following issuance of the Ninth Circuit's mandate. *See* Hulteng Decl., Ex. 1, ¶ 84. Moreover, Plaintiff's individual claims are the same as those alleged in the Bowerman class action and arise from the same set of facts as the claims asserted in the Bowerman action, which remain pending in the district court. Thus, Plaintiff cannot circumvent this Court's jurisdiction by litigating this case in state court.

Indeed, if Plaintiff was permitted to continue litigating this case in state court, it would lead to precisely the sort of "jurisdictional ping-pong game" that the Ninth Circuit has previously found precluded by CAFA. *United Steele*, 602 F.3d at 1091-109 (9th Cir. 2010); *Visendi v. Bank of Am., N.A.*, 733 F.3d at 1092 (9th Cir. 2013) ("a defendant properly remove[s] a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court"). The Bowerman action has been litigated heavily in federal court over the last decade. The federal court is already familiar with most of the underlying facts of the case. It would only waste judicial resources to permit Plaintiff to litigate his individual action in state court. Therefore, CAFA jurisdiction is secure under the Bowerman class action, and this Court must exercise jurisdiction over Plaintiff's individual claims filed in state court.

## IV.    NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

Contemporaneously, with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record. In addition, a copy of this Notice of removal will be filed with the Clerk of the Superior Court of the State of California, in and for the County of Yuba as required by 28 U.S.C. section 1446(d).

## V.    CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendants remove this action from the Superior Court of the State of California, in and for the County of Yuba to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT          5

Dated: June 12, 2023

LITTLER MENDELSON, P.C.

/s/ *Robert G. Hulteng*
ROBERT G. HULTENG
COURTNEY CHAMBERS
ALVIN ARCEO
MCKENZIE RUGO

Attorneys for Defendants
Field Asset Services, Inc.; Field Asset Services, LLC; Xome Field Services LLC; Cyprexx Services, LLC

4867-8699-8121.1 / 066383-1035

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

6