UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSEPH MARTIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIELD ASSET SERVICES, INC.; FIELD ASSET SERVICES, LLC; XOME FIELD SERVICES LLC; CYPREXX SERVICES, LLC; and DOES 1-10,<br><br>Defendants. | No. 2:23-cv-01119 WBS AC<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff Joseph Martin initiated this individual action against defendants Field Asset Services, Inc.; Xome Field Asset Services LLC; Cyprexx Services, LLC; and DOES 1-10 (collectively "defendants") alleging various violations of the California Labor, Wages, and Business and Profession Codes. (See generally Compl. (Docket No. 1-2).)  Defendants removed this action from Yuba County Superior Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  (See Notice of Removal at 2 (Docket No. 1).)  Plaintiff moves to remand, arguing that

1

defendants lack any basis for removal.  (Docket No. 17.) Defendants move to dismiss.  (Docket No. 5.)

I. Procedural and Factual Background

Defendant Field Asset Services, Inc. ("FAS")[1] was a property preservation company, headquartered in Austin, Texas. (Compl. ¶¶ 5, 19.)  FAS contracted with its clients to perform janitorial and maintenance work on foreclosed homes through the United States until the properties were resold.  (Id. ¶¶ 13, 19.) FAS used "vendors," who FAS classified as independent contractors, to carry out these contracts.  (Id.)

In 2013, Fred and Julia Bowerman brought a putative class action in the Northern District of California, alleging defendants willfully misclassified Fred Bowerman and members of the putative class as independent contractors.  See Bowerman v. Field Asset Servs., Inc., No. 13-cv-00057 WHO (N.D. Cal.).  In 2015, the district court certified the class.  See id., 2015 WL 1321883 (N.D. Cal. Mar. 24, 2015).[2]

In 2022, the Ninth Circuit decertified the Bowerman class.  See Bowerman, 39 F.4th 652 (9th Cir. 2022), amended by

---

[1] Defendant Field Asset Services LLC is a successor in interest to FAS.  (Compl. ¶ 7.)  Field Asset Services LLC was acquired by Xome Holdings, LLC, which changed its named to Xome Field Services LLC.  (Id. ¶ 8.)  Xome Field Services LLC was acquired by and now operates as Cyprexx Services LLC ("Cyprexx"). (Id. ¶ 10.)  Cyprexx is a Delaware limited liability company, headquartered in Brandon, Florida.  (Id. 11.)  Because of FAS's recent corporate changes, this order will refer to FAS and defendants interchangeably.

[2] The district court also granted partial summary judgment to the class members as to liability and issued an interim attorney fee award of more than five million dollars. See Bowerman, 242 F. Supp. 3d 910 (N.D. Cal. 2017); id., 2018 WL 5982436 (N.D. Cal. Nov. 14, 2018).

60 F.4th 459 (9th Cir. 2023).  After the Ninth Circuit issued the formal mandate returning jurisdiction to the district court, the district court, upon plaintiffs' request, tolled the statute of limitations for 60 days to give former class members the opportunity to bring individual cases.  (See Order Tolling Statute of Limitations at 2, Hulteng Decl., Ex. 2 (Docket No. 21-3).)  Over 75 former members of the Bowerman class have since filed individual cases in the Northern District of California, all of which have been related to the Bowerman litigation.  (See Notices Relating Cases, Hulteng Decl., Exs. 3, 4 (Docket Nos. 21-4, 21-5).)

Plaintiff in the present case, Joseph Martin, was an unnamed member of the Bowerman class.[3]  Rather than file his individual case in federal court, plaintiff filed his case in Yuba County Superior Court.  Plaintiff's four claims are identical to four of the claims in the Bowerman litigation: (1) failure to pay overtime wages; (2) failure to indemnify plaintiff for expenses; (3) waiting time penalties; and (4) violation of California's Unfair Competition Law.  (See generally Compl.)  Defendants removed this action from Yuba County Superior Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because of the relationship between plaintiff's claims and the original Bowerman litigation.  (See Notice of Removal at 2.)

---

[3]  In 2008, plaintiff began working for FAS.  (Compl. ¶ 55.)  He continued working for FAS intermittently until roughly 2015.  (Id.)  During this time, plaintiff was a resident of California.  (Id. ¶ 4.)  He primarily performed work in Yuba, Nevada, Butte, and Colusa Counties.  (Id. ¶ 58.)  Plaintiff now resides in Watagua, Texas.  (Id. ¶ 4.)

1    Two similar matters were remanded to state court after briefing on plaintiff's motion to remand was complete.  (See Docket Nos. 23, 26.)  Carranza v. Field Asset Services, Inc., No. 3:23-cv-02874 WHO (N.D. Cal.), was remanded to the San Francisco Superior Court by Judge Orrick in the Northern District of California on August 11, 2023.  (See Docket No. 23.)  Valdez v. Field Asset Services, Inc., No. 3:23-cv-01085 W KSC (S.D. Cal.), was remanded to the San Diego Superior Court by Judge Whelan in the Southern District of California on August 17, 2023.  (See Docket No. 26.)

II.  Motion to Remand

    A.  Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The Class Action Fairness Act ("CAFA") "gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs."  Ibarra v. Manheim

4

1  Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28
2  U.S.C. § 1332(d)(2)).
3       B.   Discussion
4            Defendants removed this action from Yuba County
5  Superior Court pursuant to CAFA, 28 U.S.C. § 1332(d).  (See
6  Notice of Removal at 2.)  In their Notice of Removal, defendants
7  explain that the Northern District of California retained CAFA
8  jurisdiction over the Bowerman litigation.  (See Notice of
9  Removal at 3.)  Defendants argue that CAFA jurisdiction therefore
10 exists as to plaintiff's individual action because plaintiff was
11 a member of the now decertified Bowerman class and brings four of
12 the exact same claims that the Bowerman action sought to certify.
13 Defendants additionally argue that Judge Orrick's tolling of the
14 former class members' claims in the Bowerman case was in effect a
15 determination that there was federal jurisdiction over all of
16 their claims, even those brought in state court by individuals
17 who were not named in the Bowerman complaint.
18           There is no dispute that the Northern District of
19 California retains jurisdiction over the named plaintiffs' claims
20 in the Bowerman litigation after the class was decertified.  In
21 United Steel v. Shell Oil Company, 602 F.3d 1087 (9th Cir. 2010),
22 the Ninth Circuit held that the "denial of Rule 23 class
23 certification does not divest the district court of jurisdiction"
24 where "the putative class action was properly removed to begin
25 with."  Id. at 1089.
26           However, neither United Steel nor any case cited by
27 defendants stand for the proposition that CAFA jurisdiction
28 exists over an unnamed plaintiff's individual claims filed in

5

1    state court after class decertification.  For example, in Cooper
2    v. R.J. Reynolds Tobacco Co., 586 F. Supp. 2d 1312 (M.D. Fla.
3    2008), former class members of a decertified class brought
4    multiple state court actions, each of which encompassed
5    approximately 200 individuals.  Id. at 1314.  The district court
6    concluded that CAFA jurisdiction existed over these actions
7    because the fact that each action was brought on behalf of 200
8    individuals created "class actions in disguise."  Id. at 1322.

9             In Louisiana v. American National Property and Casualty
10   Co., 746 F.3d 633 (5th Cir. 2014), the Fifth Circuit held that
11   CAFA continued to provide jurisdiction over the individual
12   claims, even though the class claims had been severed, because
13   CAFA jurisdiction existed at the time of removal.  Id. at 635,
14   640.  Similarly, in Helm v. Alderwood Group, Inc., No. C 08-01184
15   SI, 2011 WL 2837411 (N.D. Cal. July 18, 2011), the class was
16   decertified and the class claims were severed.  Id. at *3.
17   Nevertheless, the district court concluded that it retained CAFA
18   jurisdiction over the individual claims of the 86 named
19   plaintiffs because "it had an independent basis for subject
20   matter jurisdiction over those claims when they were joined
21   together in the original suit."  Id. at *3 n.4.[4]

---

[4] Defendants also cite Taragan v. Nissan North America, No. C 09-03660 SBA, 2011 WL 941132 (N.D. Cal. Mar. 16, 2011), for the proposition that, because the CAFA based claims in the Bowerman litigation are still pending, CAFA jurisdiction exists over plaintiffs claims.  In Taragan, the district court held that, because the CAFA based claims had been dismissed, the court could not exercise CAFA jurisdiction with respect to the still-pending individual state law claims.  Id. at *4.  However, that the CAFA based claims in the Bowerman litigation remain pending, does not mean that this court has jurisdiction over plaintiff's separately filed individual claims.

    Here, by contrast, CAFA jurisdiction has never existed as to plaintiff's individual claims.  Plaintiff was not a named plaintiff in the original Bowerman litigation and plaintiff never filed his claims in federal court.  Rather, as explained above, plaintiff filed his individual state law claims for the first time in state court following the decertification of the Bowerman class.  The cases cited by defendants in no way suggest that CAFA jurisdiction can be exercised over individual claims filed for the first time by an unnamed plaintiff after decertification.  Indeed, Judge Orrick found to the contrary when he remanded plaintiff's claims in Carranza v. Field Asset Services, Inc., No. 3:23-cv-02874 WHO (N.D. Cal.).  2023 WL 5170298, at *4 (N.D. Cal. Aug. 11, 2023) ("Nothing about the subsequent decertification of the class caused federal subject matter jurisdiction to attach to [plaintiff's] state law claims and force him to litigate in federal court.").

    Further, plaintiff's state law claims are not brought on behalf of anyone else, including any other unnamed members of the decertified Bowerman class.  Nothing in the Complaint suggests that plaintiff seeks any type of representative action nor does plaintiff propose a joint trial. Compare Visendi v. Bank of Am., 733 F.3d 863, 866-68 (9th Cir. 2013) (CAFA jurisdiction exists where plaintiffs' initial complaint sought a joint trial for 137 named plaintiffs), with Belton v. Hertz Local Edition Transporting, Inc., No. 19-cv-00854 WHO, 2019 WL 2085825, at *3 (N.D. Cal. May 13, 2019) (CAFA jurisdiction does not exist where plaintiff "does not seek class status, plead the existence of a class, define the limits of a class, or even reference the

word class in his complaint").

In their Opposition, defendants argue that removal is in the interest of judicial efficiency.  (See Opp'n at 2.) Specifically, defendants contend that because over 75 former class members have filed individual lawsuit in the Northern District of California, all of which have been related to the original Bowerman litigation, that it is inefficient to have duplicative litigation proceeding in state court.  (See id. at 2-3.)  While parallel state and federal litigation may not be the most efficient use of judicial resources, efficiency is not a basis for federal jurisdiction.

For the foregoing reasons, there is no basis for CAFA jurisdiction over plaintiff's claims.[5]  Accordingly, the court will grant plaintiff's motion to remand the case to the Yuba County Superior Court.  (Docket No. 17.)  Because the case will be remanded to Yuba County Superior Court, the court declines to address defendant's motion to dismiss.  (Docket No. 5.)

III. Attorneys' Fees

Plaintiff requests that the court award him attorneys' fees and costs incurred in filing this motion pursuant to 28 U.S.C. § 1447(c).  (Mot. at 5.)  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, a court may award costs and attorney's fees under

---

[5] Likewise, there is no other basis for federal jurisdiction.  Plaintiff does not bring any federal claims, see 28 U.S.C. § 1331, and the parties are not completely diverse, see id. § 1332.

8

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Grancare, LLC v. Thrower, 889 F.3d 543, 552 (9th Cir. 2018) (citing Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005)).  Here, defendants failed to cite any relevant evidence or legal authority that supported removal.  Accordingly, the court concludes that defendants lacked an objectively reasonable basis for seeking removal and will grant plaintiff's request for attorney's fees.[6]

Plaintiff requests $2,250 in attorneys' fees and costs. (See Yamasaki Decl. at 1 (Docket No. 17-1).)  This figure results from 6 attorney hours billed at a rate of $375.  (Id.) Defendants do not dispute that the number of hours or rate requested are reasonable.

Based on the court's experience, the amount requested appears reasonable. See Oth Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (in determining what constitutes a reasonable attorneys' fee, district courts may rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees"). See also, e.g., Siafarikas v. Mercedes-Benz USA, LLC, No. 2:20-cv-01784 JAM AC, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 14, 2022) (approving hourly rates ranging from $250 to $500).

---

[6] Defendants argue that plaintiff is not entitled to fees because decertification of the Bowerman class and the subsequent filing of over 75 related individual lawsuits in federal court constitutes "highly unusual circumstances."  (Opp'n at 6.) Defendants do not cite any case where removal of an individual action filed in state court after decertification was found to be proper, nor has the court located any case standing for that proposition.

9

1          IT IS THEREFORE ORDERED that plaintiff's motion to
2  remand and for attorneys' fees (Docket No. 17) be, and the same
3  hereby is, GRANTED.  This case is hereby REMANDED to the Superior
4  Court of the State of California, in and for the County of Yuba.
5  Plaintiff is awarded $2,250 in attorneys' fees and costs.
6          IT IS FURTHER ORDERED that defendants' motion to
7  dismiss (Docket No. 5) be, and the same hereby is, DENIED AS
8  MOOT.[7]
9  Dated:  September 6, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[7] This denial is without prejudice to any motion to dismiss being filed in state court upon remand.